| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE FULTON SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF FULTON | ) | CAUSE NO._____ |

| | |
|---|---|
| DONALD BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PWA & SPENCER HOME, LLC, d/b/a LASTING | ) |
| CHANGE, INC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant as follows:

1. The Plaintiff is Donald Bradley, a former employee of the Defendant, who at all material times of this Complaint, suffered from a work injury that constituted a disability/perceived disability/record of impairment for the purposes of the Americans with Disability Act 42 U.S.C. § 12111 et. seq. ("ADA"), and for which he was entitled to receive the benefits and protections of the Indiana Worker's Compensation Act.

2. The Defendant is PWA & Spencer Home, LLC, d/b/a "Lasting Change, Inc.", a company doing business as Lifeline Youth and Family Services, a/k/a "Lasting Change, Inc.", located at 4150 Illinois Road, Fort Wayne, Indiana 46804, and Pierceton Woods Academy located at 27 Pequignot Drive, Pierceton, Indiana 46562. The Defendants' Registered Agent is Barrett McNagny, LLP, 215 East Berry Street, Fort Wayne, Indiana 46802. At all material times of this Complaint, the Defendant was an "employer" for the purposes of the ADA and the Indiana Worker's Compensation Statute.

–1–

3.  The Plaintiff filed a Charge of Discrimination, EEOC Number 470-2023-03542 on or about August 23, 2023, a copy of which is attached hereto, and made a part hereof, and incorporated herein as Exhibit A.  The Plaintiff filed an Amended Complaint on or about September 26, 2023, a copy of which is attached hereto, and made a part hereof, and incorporated herein as Exhibit B.  The EEOC issued its Notice of Rights/Notice of Suit Right on October 20, 2023, a copy of which is attached hereto, and made a part hereof as Exhibit C.  All required administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4.  The Plaintiff was employed by the Defendant from on or about June 20, 2022, until his wrongful termination on or about January 29, 2023.  He was a youth treatment specialist at the time of separation from employment and had performed within the reasonable expectations of the Defendant at all material times.

5.  On or about November 30, 2022, the Plaintiff received a job-related injury while working at the Defendant's facility in Pierceton, Indiana ("Pierceton Woods Academy/PWA").  The same day he filed a Worker's Compensation Claim, which was then approved on December 5, 2022.

6.  When the Plaintiff returned to work, he was under doctor ordered work restrictions, and his injuries substantially interfered with his major life activities of lifting, pulling, and grabbing, because he was unable to use his left arm.

7.  The Plaintiff requested reasonable accommodations pertaining to his left arm injury and work restrictions.  The Defendant, however, failed to comply with the Plaintiff's work restrictions and refused to grant him his requested accommodation, and instead

placed him into a position where he had to utilize his left arm.

8. Around November 7, 2022, another of the Defendant's clients attacked the Plaintiff, hitting him on the head multiple times and punching him, causing the Plaintiff to suffer a head injury.

9. The head injury was a work injury for which the Plaintiff was again entitled to benefits and protections under the Indiana Worker's Compensation Act, and for which he was entitled to reasonable accommodations, including sufficient time off for work to heal from the injuries, pursuant to the ADA.

10. The Defendant nevertheless continued to refuse to grant the Plaintiff reasonable accommodations for his disability/perceived disability/record of impairment in the left arm and failed to grant him reasonable accommodations for his work-related head injury.

11. Because of the Defendant's failure to grant the Plaintiff reasonable accommodations, and its failure to adhere to the Plaintiff's medically necessary work restrictions, the Plaintiff found that his workplace environment became so hellish that he had no choice, nor way to preserve his physical and mental well-being, other than by quitting his job. The Plaintiff was consequently forced to quit and was constructively discharged by the Defendant on or about January 29, 2023.

12. The Plaintiff contends that the Defendant discriminated against him, failed to engage in the interactive process with him, denied him reasonable accommodations, and/or retaliated against him and constructively terminated him in violation of his federally protected rights under the ADA and/or in violation of the laws and public policies of

the state of Indiana.

13. The Defendant's unlawful discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of his job and job-related benefits including income, and additionally, he suffered inconvenience, mental anguish, emotional distress, and other damages and injuries.

14. The Defendant's unlawful discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA and/or the laws and public policies of the state of Indiana including the Indiana Worker's Compensation Act.

WHEREFORE, Plaintiff, by counsel, respectfully requests judgement against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

## VERIFICATION

I, Donald Bradley, swear and affirm under the penalties for perjury that the above and foregoing representations are true and correct based upon my personal knowledge.

_____
Donald Bradley

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

*/s/Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:       cmyers@myers-law.com
*Counsel for Plaintiff*